**Jessie WATSON, Plaintiff—Appellant,**

**v.**

**Martin VEAL; et al., Defendants— Appellees.**

**No. 07–16690.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Jessie Watson, Vacaville, CA, pro se.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

California state prisoner Jessie Watson appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We reverse and remand.

Watson suffers from chronic kidney failure and is a dialysis patient. He alleges that prison nurses recommended that his "dry weight" be increased from 72 kg to 75 kg, that a prison doctor ordered this increase without personally examining him, and that doctors at another medical facility, Queen of the Valley Hospital, recommended that his dry weight should be only 62.5 kg. Watson alleges that as a result of the dry weight increase, he developed a build-up of fluid that caused him to cough hard enough to fracture ribs, and that he suffered heart damage such that he is no longer eligible for a kidney transplant. Watson further alleges that defendants acted with "malice" and "ill due intention."

Accepting as true the allegations in Watson's complaint, at this early stage of litigation it may state a claim of deliberate indifference. *See Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (a pro se complaint will be liberally construed and will be dismissed only if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80

(1957))). A difference of medical opinion may amount to deliberate indifference if the prisoner shows that "the course of treatment was medically unacceptable under the circumstances" and defendants "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996).

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

